UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>THOMAS HAROLD NAASZ,<br><br>        Defendant. | CASE NO.   06- 468 M<br><br>DETENTION ORDER |

Alleged violation:

     Committing the offense of second degree assault as charged in King County Superior Court, cause number 06-1-01399-5.

Underlying charge:

     False Statement in Acquisition of a Firearm, in violation of 18 U.S.C. § 922(a)(6), as charged in the Eastern District of Washington.

     The Court conducted both a uncontested detention hearing pursuant to Title 18, U.S.C. § 3142(f) and a preliminary Rule 5(c)(3) inquiry.  The defendant waived his rights to a full Rule 5(c)(3)(D) hearing and the Court signed an order of transfer to the originating district court of the Eastern District of Washington to answer the charges.  The defendant may re-open the matter of detention at that time.

     The Government was represented by Tate London.  The defendant was represented

DETENTION ORDER
PAGE -1-

by Brian Tsuchida.

The defendant had been convicted of the underlying federal court charge on or about June 1, 2006 by the Honorable William F. Nielsen of the Eastern District of Washington. While released on bond the defendant is alleged to have committed the violation. The Court finds that, based upon the factual findings and statement of reasons for detention hereafter set forth, no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) The Court is concerned with the risk of danger the defendant poses as he has a increasing history of violence, including two prior assault convictions. The underlying charge includes a weapon offence.

(2) Due to the nature of the instant offense, the defendant is viewed as a risk of non-appearance.

Thus, there is no condition or combination of conditions that would reasonably assure future court appearances.

**It is therefore ORDERED:**

(l) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States

DETENTION ORDER
PAGE -2-

Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 8th day of September, 2006.

_____
MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -3-